IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WENDE WEITZ,

                Plaintiff,

v.                                      ORDER

NANCY A. BERRYHILL,                      16-cv-419-jdp
Acting Commissioner of Social Security,

                Defendant.

---

On the parties' joint motion, the court reversed and remanded the Commissioner's decision denying plaintiff Wende Weitz's application for disability benefits. Dkt. 10. The court awarded plaintiff's attorney, Dana Duncan, fees in the amount of $4,811.50 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Dkt. 18. On remand, the Administration awarded plaintiff $74,210 in past-due benefits.

Now Duncan petitions the court for a representative fee award in the amount of $18,552.50, pursuant to 42 U.S.C. § 406(b). Plaintiff signed a contingent fee contract and agreed to pay Duncan up to "twenty-five percent (25%) of all back benefits awarded." Dkt. 20-1, at 1. The Commissioner has indicated that she does not oppose the award.

The court has repeatedly warned Duncan that under § 406(b), the court will award fees only for the *attorney's* work before *this court* and that he risks denial of future fee requests if he continues to brief his § 406(b) motions as though the court could consider both his work in the administrative portion of the case and his firm's non-attorney work. *See, e.g., Gyorkos v. Berryhill*, No. 15-cv-296, Dkt. 25 (W.D. Wis. Aug. 18, 2017).

Duncan appears to have gotten half the message. He acknowledges that *his* work before *this court* is what matters, but rather than lay out the equivalent hourly rate, which would be $858.91 ($18,552.50 for 21.6 hours of work), he argues that the rate is only $636.16 per hour, erroneously deducting the EAJA fee from the total award before calculating the hourly rate ($13,741 for 21.6 hours of work). Duncan's proposed rate is deceptively low; the EAJA fee is not deducted from a § 406(b) award, as Duncan implies, but rather must be returned to the claimant when an attorney receives a higher award under § 406(b). *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" (quoting Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186)).

The equivalent hourly rate of $858.91 is on the high end of rates that courts have awarded, so it warrants careful review for reasonableness. *See Koester v. Astrue*, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases). Duncan has not shown that something about Weitz's case warrants compensation at a high equivalent hourly rate. He states only that he "was able to secure remand," but he acknowledges that remand is "achieved in every case where 406(b) fees are sought." Dkt. 21, at 8. Duncan devoted large portions of his brief to quotations from the ALJ's written decision and medical record and boilerplate descriptions of the law. His task in this case was relatively easy, as the Commissioner stipulated to remand without filing a response brief. The bottom line is that Duncan's work on this case appears to be quite routine, and it does not warrant the extraordinary contingency premium that Duncan seeks. The representative fee requested by Duncan is unreasonable. I will lower it to an equivalent hourly rate of $500, appropriately high to reflect the risk of non-recovery in social security cases. This results in a representative fee of $10,800. As Duncan recognizes, this amount must be offset

by $4,811.50, the amount of the EAJA fees that he already recovered. *Gisbrecht*, 535 U.S. at 796. Should Duncan continue to misrepresent the equivalent hourly rate or ignore the court's instructions about the correct approach to § 406(b) awards, he can expect similar reductions in fees.

ORDER

IT IS ORDERED that plaintiff's attorney's petition for attorney fees pursuant to § 406(b), Dkt. 20, is GRANTED in part. The court approves a representative fee award of $10,800, provided plaintiff's attorney refunds plaintiff $4,811.50.

Entered November 8, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge